IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES CHARLES COX, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV946 |
| | ) | 1:00CR335-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner was convicted in this Court of one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). He subsequently received concurrent sentences of 282 months of imprisonment based on his status as an Armed Career Criminal under § 924(e). He now brings a Motion (Docket Entry 63) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. \_\_\_\_, 135 S. Ct. 2551 (2015). That Motion is now before the court for initial screening and review.

Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Although the rule in Johnson applies in Petitioner's case, he still cannot receive relief for the reasons that follow.

Petitioner's only claim in his Motion is that following Johnson, he no longer has the three prior convictions required for the enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). However, a review of his Presentence Report reveals that, among other prior convictions, he has four prior convictions in North Carolina for breaking and entering. (Docket Entry 64, ¶¶ 20, 22, 23, 26.) Petitioner maintains that these no longer qualify as valid predicate offenses following Johnson, but he is incorrect. The Armed Career Criminal Act provides for enhanced penalties if a defendant convicted for possessing a firearm as a felon has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." 18 U.S.C. § 924(e)(1). A crime is a "serious drug offense" if it "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and carries "a maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A). Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as unconstitutionally vague the "residual clause" of the statute, which covered offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct at 2563.

Petitioner contends that Johnson invalidates his North Carolina breaking and entering predicates. However, such convictions qualify as predicate convictions under

2

§ 924(e)'s enumerated clause, not its invalidated residual clause, and are always violent felonies under § 924(e). United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) ("The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary'" and "N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary . . . . N.C. Gen. Stat. § 14–54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) ("[C]onvictions under North Carolina law for breaking or entering under N.C.G.S. § 14-54 qualify as generic burglaries under the *Taylor* case and justify an enhancement of punishment under § 924(e)(2)(B)(ii)."). Petitioner's Motion should be dismissed because his "argument is foreclosed by [the] decision in" Mungro. United States v. Jones, ___ F. App'x ___, ___, 2016 WL 5682559, at *1 (4th Cir. 2016).[1] In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

---

[1] Petitioner also has other prior convictions. However, the Court need not consider whether those convictions remain violent felonies supporting his sentence because he remains an Armed Career Criminal based on the breaking and entering convictions alone.

3

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 63) to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 8th day of December, 2016.

_____
Joe L. Webster
United States Magistrate Judge